**WHITESBURG MUNICIPAL HOUSING COMMISSION, City of Whitesburg, Appellant,**

v.

**Sabina HALE et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 4, 1963.

LeRoy W. Fields, Whitesburg, for appellant.

Stephen Combs, Jr., Whitesburg, for appellees.

WILLIAMS, Judge.

The appellant, Whitesburg Municipal Housing Commission, filed action pursuant to KRS 99.420 seeking to condemn a tract of land owned by appellees for use as a redevelopment project. Commissioners were appointed, made an examination of the property and duly filed their report. There were no exceptions taken to the report of the commissioners until the time for filing them had expired. Motion to permit appellant to file exceptions after the time had expired was overruled.

Thereafter appellant filed an amended complaint alleging that the description of the property sought to be condemned was erroneous and setting out the correct description of that property. The court was requested to appoint new commissioners to assess the value of the actual tract being taken and to set aside the original report and award of the commissioners. Answer admitted the description as set out in the amended complaint was the correct description, but pleaded affirmatively that the property described in the amended complaint was actually the property which was viewed and appraised by the commissioners.

Deposition of the engineer employed by the appellant showed that he prepared a map of the entire property being taken and that the map did in fact depict the property as described in the amended complaint. He testified that the erroneously described property did not lie within the total boundary being taken by the appellant but was adjacent thereto. Depositions of the three commissioners established the fact that they used the map prepared by appellant's engineer, or a blueprint made therefrom, and that they did view and appraise the property sought to be condemned and described in the amended complaint. An amended report setting forth the proper description was filed by the commissioners.

No exceptions were taken to the amended report of the commissioners. The circuit court entered judgment fixing the value of the land taken at the price fixed by the commissioners.

The defective description in the original complaint was cured by the correct description set out in the amended complaint. The commissioners did in fact view and appraise the actual property condemned and properly described that property in their amended report. Consequently, the circuit court did not err in refusing to appoint new commissioners or to dismiss the original complaint without prejudice.

The judgment is affirmed.